IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CÉSAR GARCÍA MIRANDA, et al.,

Plaintiffs

v.                                                                     CIVIL 02-1920 (PG) (JA)

LAZOFF BROTHERS, INC., et al.,

Defendants

O R D E R

This matter is before the court on plaintiffs' motion for reconsideration of my order denying their untimely motion for extension of time. (Docket No. 54.) In it, the plaintiffs further expound the reasons of their failure to file a timely opposition or an opportune extension of time. Plaintiffs' counsel stated that the measures taken by the court against the plaintiffs were extremely severe considering that this is the first time in the three years that this case has been litigated that they have filed something outside the prescribed period. Plaintiffs' counsel also declared that he had no objection as to sanctions being imposed against him, but that his clients should not be penalized for his mistake. The defendants opposed plaintiffs' motion for reconsideration (Docket No. 55) and the plaintiffs filed a reply to said opposition. (Docket No. 56.) After considering the arguments of the parties, and upon further reflection, I will reluctantly grant plaintiffs' motion for reconsideration.

CIVIL 02-1920 (PG) (JA)                              2

Defendants filed their motion for summary judgment on April 4, 2005. (Docket No. 56.) On the cut off date for the filing of a response in opposition, the plaintiffs requested an extension of time of almost a month (25 days) to oppose summary judgment. (Docket No. 49, April 18, 2005). I granted their request for extension of time on April 19, 2005. (Docket No. 50.) Yet, on May 13, 2005, no opposition to the motion for summary judgment had been filed. Furthermore, no extension of time was sought within the already extended period. It was not until the defendants moved the court to consider their motion for summary judgment as unopposed, that plaintiffs requested another extension of time.

Rule 7.1(b) of the Local Rules of the District of Puerto Rico provides in relevant part that "[u]nless within ten (10) days after the service of a motion the opposing party files written objection[s] thereto, ... the opposing party shall be deemed to have waived the objection." Furthermore, Rule 6(b) of the Federal Rules of Civil Procedure governs the court's discretion to grant enlargements of time. The Rule provides:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect....

CIVIL 02-1920 (PG) (JA)                    3

Fed. R. Civ. P. 6(b). Here, as stated, no extension of time was requested before the expiration of the period granted by the court to file an opposition to defendants' summary judgment motion. Thus, plaintiffs have to show that the failure to file the opposition or to move for another extension of time was the result of excusable neglect. See, e.g., Dimmitt v. Ockenfels, No. 04-1618, 2005 WL 1119774, *1-2 (1st Cir. May 12, 2005); Guzmán-Ruiz v. Hernández-Colón, No. 04-1628, 2005 WL 95774, *2-3 (1st Cir. Apr. 27, 2005); Vélez v. Awning Windows, Inc., 375 F.3d 35, 40-41 (1st Cir. 2004); Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 583-84 (1st Cir. 1994); Méndez v. Banco Popular de Puerto Rico, 900 F.2d 4, 6-7 (1st Cir. 1990). I find that they have demonstrated, albeit barely, excusable neglect for their failure to file the request for a second extension.

In their reply to defendants' opposition to reconsideration, plaintiffs for the first time went into some detail as to the reasons why the request for extension of time was not filed on time. Counsel explained that on May 12, 2005 he prepared two handwritten drafts of two motions for extension of time for two different motions. (Docket No. 56, at 1.) One would be filed in Fuentes v. Empresas Stewart, Civil No. 03-2181 (DRD) and the other one would purportedly be filed in the present case. (Id.) Counsel asserts that he was not able to finish and file the two motions because after finishing the drafts he developed a severe migraine headache due to low blood sugar levels and had to leave the office. (Id. at 1-2.) He gave instructions to his secretary to prepare and filed the motions since he would not be able to return

CIVIL 02-1920 (PG) (JA)                    4

to the office until May 15, 2005. (Id. at 2.) The secretary filed the motion in the Fuentes v. Empresas Stewart, Civil No. 03-2181 (DRD) case but not in the present case. (Id.) Both counsel and the secretary believed that the motion had been filed. (Id.) Plaintiffs' counsel characterizes the error as an honest mistake and points out that this is the first time he has filed an opposition or a request for extension of time outside the prescribed period. I note defendants' opposition to the above, but after considering the proffered reasons, I accept the same. Plaintiffs' motion for reconsideration is therefore GRANTED.

The plaintiffs' are hereby given until 5:00 p.m., Friday, May 27, 2005 to file the overdue opposition to defendants' motion for summary judgment. Defendants are awarded costs and attorney's fees incurred in litigating this issue. The defendants are instructed to file a memorandum detailing the costs and attorney's fees.

SO ORDERED

At San Juan, Puerto Rico, this 20th day of May, 2005.

S/ JUSTO ARENAS
Chief United States Magistrate Judge